IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CURLIE DARNELL HILL                                                                                          PLAINTIFF

VS.                                                                                                    No. 2:05CV179-D-A

EPHEN L. BANKS and
JIMMY OGLESBY d/b/a OGLESBY FAMRS                                                    DEFENDANTS

OPINION GRANTING MOTION TO ABSTAIN

Presently before the Court is Plaintiff's Motion to Abstain and Remand. Upon due consideration, the Court finds the motion shall be granted.

A. Factual Background

The Plaintiff originally filed this action on March 19, 2003, in the Circuit Court of Bolivar County, Mississippi, seeking damages for personal injuries as a result of an automobile accident that occurred on September 18, 2002. Plaintiff alleged that Defendant Banks turned a vehicle owned by Rice Farm Products d/b/a Quad Farms into the path of Plaintiff's vehicle as Plaintiff traveled east on Highway 8 in Bolivar County. The Plaintiff later amended his complaint to include Jimmy Oglesby d/b/a Oglesby Farms as a defendant. Plaintiff alleged that Banks' actions should be imputed to Oglesby because Banks was acting as Oglesby's employee at the time of the alleged accident. The Defendants counter that the accident occurred solely as a result of Plaintiff's negligence. The Circuit Court of Bolivar County granted summary judgment to Quad Farms, but the claims against Banks and Oglesby remain pending. Discovery has been completed in this matter, but no trial date is set.

On July 28, 2005, Defendant Oglesby filed a Chapter 7 petition for relief in the United States Bankruptcy Court for the Northern District of Mississippi. On September 14, 2005,

Defendants filed a Joint Notice of Removal, removing the state court case to this Court on the basis of Bankruptcy Jurisdiction under 28 U.S.C. §1334(b). On September 29, 2005, Plaintiff filed this Motion to Abstain requesting this Court to remand the action back to state Court. The Plaintiff states that this Court should remand this case on the grounds of mandatory and discretionary abstention. Plaintiff supports its contention by stating that the state court action has progressed significantly and it would be prejudiced by delay. The Defendant counters that the Court cannot use mandatory abstention, and that Defendant Oglesby would be prejudiced if the Court exercised discretionary abstention.

## B. Discussion

*A. Jurisdiction*

The Court must first determine if it has jurisdiction under 28 U.S.C. §1334(b). A defendant may remove a case from state court if it arises under, arises in, or is related to a bankruptcy petition. 28 U.S.C. § 1334(b). "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under' Title 11." In re Wood, 825 F.3d 90, 93 (5th Cir. 1987). "To determine whether a district court has jurisdiction under 28 U.S.C. § 1334, 'its is only necessary to determine whether a matter is at least "related to" the bankruptcy.'" Allen v. City Fin. Co., 224 B.R. 347, 351 (S.D. Miss. 1998) (*quoting* Wood, 825 F.3d at 93)).

A proceeding is "related to" a bankruptcy case if it could have been commenced in state or federal court independently of the bankruptcy case and the outcome of that proceeding could have an impact on the bankruptcy estate. Wood, 825 F.3d at 93. The Fifth Circuit Court of Appeals held that proceedings "related to" a bankruptcy case include (1) causes of action owned

by the debtor which became property of the bankruptcy estate, and (2) suits between third parties that could have an effect of the bankruptcy estate. Arnold v. Garlock, Inc., 278 F.3d 426 (5th Cir. 2001). The Fifth Circuit has also held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankruptcy estate." In re Majestic Energy Corp., 835 F.2d 87, 90 (5th Cir. 1988). In addition, the Seventh Circuit has held that a case is "related to" a bankruptcy proceeding if the dispute affects the amount of property available for distribution among the creditors. Matter of Xonics, Inc., 813 F.2d 127 (7th Cir. 1987).

The Court finds that the instant case is "related to" Defendant Oglesby's Chapter 7 petition. Because of the Plaintiff's past, present, and future medical expenses and future lost wages, a judgment in the state court case could be significantly over Defendant Oglesby's $300,000 liability coverage. Thus, such a verdict and judgment would negatively impact the property of Oglesby's bankruptcy estate. Therefore, the state court proceeding is related to Oglesby's bankruptcy case, and this Court does have jurisdiction over this matter.

B. *Mandatory Abstention*

A district court must abstain from hearing a case if the bankruptcy jurisdiction occurs over a non-core matter. Reed v. Mississippi Farm Bureau Mutual Ins. Co., 299 B.R. 804, 807 (S.D. Miss. 2003). A proceeding is a core proceeding if it involves a substantive right provided by Title 11, or if the proceeding could only arise in the context of a bankruptcy case. In re Southmark Corp., 163 F.3d 925, 930 (5th Cir. 1999). A "related to" case is by definition a non-core proceeding. In re Boughton, 49 B.R. 312, 315 (Bankr. N.D. Ill. 1985). In the present case, the Plaintiff's suit is not based on any right created by federal bankruptcy law. The Plaintiff's

claim is one based soley on state tort law. Therefore, because the claims do not arise out of the bankruptcy proceeding, it is a non-core proceeding.

The Court must mandatorily abstain from exercising bankruptcy jurisdiction if: (1) a party files a timely motion to abstain; (2) the underlying proceeding is based on state law; (3) the proceeding is related to a case under Title 11 but does not arise under or arise in Title 11; (4) the proceeding is one which could not have been brought in federal court absent the bankruptcy proceeding; and (5) the proceeding is one which can be timely adjudicated in state court. See 28 U.S.C. § 1334(c)(2). See e.g., In re S. E. Hornsby & Sons Sand and Gravel Co., Inc., 45 B.R. 988 (Bankr. M.D. La. 1985).

In the present case, the Plaintiff can establish all the elements required for mandatory abstention. First, the plaintiffs filed a timely motion to abstain. Second, the underlying nature of their suit is a personal injury and negligence action based upon state law. Third, this proceeding is related to the bankruptcy, but it does not arise under or arise in Title 11. Fourth, this Court would only have jurisdiction based upon the bankruptcy proceeding. Finally, this proceeding can be timely adjudicated in state court. The discovery deadlines have passed and trial can proceed quickly. Therefore, the Plaintiff has met all elements of mandatory abstention and this Court finds that it shall abstain and remand this case to state court.

C. *Voluntary Abstention*

Even if this Court could not mandatorily abstain, this Court could exercise voluntary abstention under 28 U.S.C. 1334(c)(1). A Court may abstain from hearing a case under Title 11 where abstention is in the interests of justice, comity with state courts, or respect for state laws. 28 U.S.C. § 1334(c)(1). The United States District Court for the Southern District of Mississippi compiled a list of fourteen non-exclusive factors to determine whether a court should exercise

voluntary abstention.  See Beasley v. Personal Finance Corp., 279 B.R. 523, 532 (S.D. Miss. 2002).  These factors include:

1. The effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;
2. Extent to which state law issues predominate over bankruptcy issues;
3. Difficulty or unsettled nature of the applicable law;
4. Presence of a related proceeding commenced in state court or other non-bankruptcy proceeding;
5. Jurisdictional basis, if any, other than § 1334;
6. Degree of relatedness or remoteness of proceeding to main bankruptcy case;
7. The substance rather than the form of an asserted core proceeding;
8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. The burden of bankruptcy court's docket;
10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. The existence of a right to a jury trial;
12. The presence in the proceeding of non-debtor parties;
13. Comity; and
14. The possibility of prejudice to other parties in the action.

Searcy v. Knostman, 155 B.R. 699, 710 (S.D. Miss. 1993)(*citing* In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990).

Applying these factors to the Plaintiff's claims, the Court finds that these factors weigh in favor of discretionary abstention.  First, state law issues predominate the bankruptcy issues in this case and those state law issues are neither difficult nor unsettled.  Second, this proceeding is merely related to the bankruptcy case and this Court's only basis of jurisdiction is based upon § 1334.  Third, the state court is fully capable of handling these issues and having them do so would relieve the Bankruptcy Court's docket of more litigation.  Fourth, there are other non-debtor parties in this action and the Plaintiff would be prejudiced by this action.  The Plaintiff is entitled to a jury trial and exercising jurisdiction here would deprive the Plaintiff of his choice of forum.  Also, the state court proceeding is finished with discovery and needs only a trial date.

Exercising jurisdiction would delay the Plaintiff's claims for up to a year. Finally, comity calls for this Court to abstain in favor of the state court. Therefore, this Court will abstain from hearing this case.

## C. Conclusion

Upon review, this Court finds that while it does have jurisdiction to hear this case, the Court will abstain from hearing this case. The Court finds that it must abstain under mandatory abstention. However, even if mandatory abstention was not required, the Court would voluntarily abstain in the interests of justice, comity, and respect of state laws. For these reasons, the Court abstains from hearing the case and remands this action back to state court.

A separate order in accordance with this opinion shall issue this day.

This the 31st day of October 2005.

/s/ Glen H. Davidson
Chief Judge